IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TABITHA GRIZALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILIP HAIDET and MARTEN TRANSPORT ) <br> SERVICES, LTD., a foreign corporation, ) <br> ) <br> Defendants. ) | No. 2021 L 063022 <br><br> Honorable Elaine E. Bucklo |

## COMPLAINT

NOW COMES the Plaintiff, Tabitha Grizales ("Plaintiff"), by and through her attorneys, R. F. WITTMEYER, LTD., as and for her Complaint against the Defendants, Philip Haidet ("Defendant Haidet") and Marten Transport Services, Ltd., a foreign corporation, ("Defendant Marten Transport") states as follows:

## COUNT I
(Grizales v. Haidet)

1. Plaintiff is, and at all times relevant was, a resident of the Village of Algonquin, County of McHenry, State of Illinois.

2. Defendant, Philip Haidet is, and at all times relevant was, a resident of the City of La Grange, County of Oldham, State of Kentucky.

3. On or about March 24, 2020, Plaintiff was traveling southbound on N. Randall Road through the intersection at the entrance ramp to westbound I-90, City of Elgin, County of Kane, State of Illinois.

4. At the aforesaid time and place, Defendant Haidet was turning left (West) onto I-90 westbound from northbound N. Randall Road, City of Elgin, County of Kane,

State of Illinois.

5. The vehicle in which Plaintiff was driving had a green traffic signal, and she proceeded through the intersection.

6. Defendant Haidet made a left turn at the intersection, colliding with Plaintiff's vehicle.

7. At all times relevant, Plaintiff was exercising due care for her own safety and the safety of others.

8. It was the duty of Defendant Haidet at the aforesaid time and place to exercise ordinary care for the safety of Plaintiff and others on or about the roadway.

9. Defendant Haidet failed to exercise ordinary care and struck Plaintiff's vehicle.

10. At the aforesaid time and place, Defendant Haidet was guilty of one or more of the following negligent acts and/or omissions:

   a) Negligently and carelessly failed to operate his motor vehicle in a manner necessary to avoid colliding with others;

   b) Negligently and carelessly failed to keep a proper lookout for others upon said roadway;

   c) Failed to decrease the speed of his vehicle to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601(a);

   d) Operated his vehicle at a speed greater than that was reasonable and proper in violation of 625 ILCS 5/11-601(a);

   e) Failed to yield the right-of-way to Plaintiff's vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and

  e)  Otherwise operated his vehicle in a careless and negligent manner.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions by Defendant Haidet, the vehicle being operated by Defendant Haidet collided with Plaintiff's, thereby causing Plaintiff to suffer severe and permanent injuries, and as a result of said injuries, Plaintiff has suffered and will continue to suffer great pain, and has been and will continue to be hindered from attending to her usual affairs, and has been and will be compelled to expend, or become liable for, large sums of money for medical care and treatment, all to her damage. Plaintiff also sustained property damage as a result.

WHEREFORE, the Plaintiff Tabitha Grizales demands judgment against the Defendant Philip Haidet in a sum in excess of $100,000, plus costs of suit.

## Count II
### (Tabitha Grizales v Marten Transport Services, Ltd.)

1-11. Plaintiff, Tabitha Grizales, re-alleges each and every allegation contained in paragraphs 1-11 of Count I and hereby incorporates same as paragraphs 1-11 of this Count II as though fully set forth herein.

12. Defendant Marten Transport Services, Ltd., ("Defendant Marten Transport") is, and at all times relevant was doing business in the County of Kane, State of Illinois.

13. At all times relevant herein, Defendant Haidet, was operating his vehicle with the consent of, and/or as the authorized, actual, or apparent agent, of Defendant Marten Transport.

14. At all times relevant herein, Defendant Marten Transport, by and through their authorized, actual, or apparent agent, had a duty to exercise a reasonable degree of care

and caution in the operation, management and control of said motor vehicle in such a manner as not to carelessly and negligently cause injury to persons or property rightfully and lawfully upon the public way.

15. In breach of their duty of care, Defendant Marten Transport, by and through their agent, Defendant Haidet, was guilty of one or more of the following negligent acts and/or omissions:

    a) Negligently and carelessly failed to operate his motor vehicle in a manner necessary to avoid colliding with others;

    b) Negligently and carelessly failed to keep a proper lookout for others upon said roadway;

    c) Failed to decrease the speed of his vehicle to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601(a);

    d) Operated his vehicle greater than that was reasonable and proper in violation of 625 ILCS 5/11-601(a); and

    e) Otherwise operated his vehicle in a careless and negligent manner.

16. Defendant Marten Transport was guilty of one or more of the following negligent acts and/or omissions:

    a) Failed to properly maintain their vehicle such that it could be operated safely on the roadway;

    b) Negligently entrusted the vehicle to Defendant Haidet despite their inabilities to control Defendant Haidet's vehicle; and

    c) Was otherwise negligent in their ownership and control of their vehicle.

17. As a direct and proximate result of one or more of the aforesaid negligent acts

and/or omissions by Defendant Marten Transport, the vehicle being operated by Defendant Haidet collided with Plaintiff's vehicle, thereby causing Plaintiff to suffer severe and permanent injuries, and as a result of said injuries, Plaintiff has suffered and will continue to suffer great pain, and has been and will continue to be hindered from attending to her usual affairs, and has been and will be compelled to expend, or become liable for, large sums of money for medical care and treatment, all to her damage. Plaintiff has also sustained property damage as a result.

WHEREFORE, the Plaintiff Tabitha Grizales demands judgment against the Defendant, Marten Transport, in a sum in excess of $100,000, plus costs of suit.

Dated this 27th day of December, 2021.

_____
Cindy A. Scolaro
R.F. WITTMEYER, LTD.
Attorneys for Tabitha Grizales

**Cindy A. Scolaro**
**R.F. WITTMEYER, LTD.**
**2101 S. Arlington Heights Rd., Suite 103**
**Arlington Heights, IL 60004**
**(847) 357-0403   Firm No. 6273564**
cas@injurylawattys.com
efile@injurylawattys.com
**CAS:bd**